**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**BRANDON FIELDS   # 427-075**                                                         **PLAINTIFF**

**VS.**                                                         **CIVIL ACTION: 1:19cv820-LG-RHW**

**EVAN HUBBARD**                                                         **DEFENDANT**

**REPORT AND RECOMMENDATION**

Before the Court are Defendant Evan Hubbard's December 19, 2019 motion [9] and supplements [10], [11] seeking dismissal of the petition for habeas corpus filed by Brandon Fields pursuant to 28 U.S.C. § 2241 on October 28, 2019.  Fields filed no response to the motion.

Facts and Procedural History

On July 23, 2019, Gulfport Police stopped Brandon Fields for speeding and subsequently arrested him for possession of a controlled substance (methamphetamine).  At the time, Fields was under the supervision of the Mississippi Department of Corrections (MDOC) for a December 3, 2014 of conviction of felon in possession of a firearm,[1] and he had also been sentenced in July 2018 on a conviction for possession of a controlled substance.[2]  Fields was confined in the Harrison County Adult Detention Center (HCADC) on the new drug charge and an MDOC hold.  Fields admits he had an initial appearance, and documents presented confirm his initial appearance on July 24, 2019, at which time bond was set at $35,000 and he was

---

[1] Fields pled guilty to the firearms charge in Lauderdale County Circuit Court and was sentenced to 10 years with five years to serve and five years suspended for five years post release supervision.  [9-1]

[2] Fields pled guilty to the drug charge in Harrison County Circuit Court and was sentenced July 2, 2018 to three years, suspended for three years reporting probation.  [9-2]  The sentencing judge stated this sentence was to run consecutively to the Lauderdale County sentence.  [10-2, p. 2, n.1]

appointed a public defender.  [1, p. 6], [10-2, pp. 9-11]   Documents from the Harrison County Justice Court show a July 31, 2019 preliminary hearing was continued because "Defendant left the courtroom."   The matter was reset to August 7, 2019, when it was again continued because "Defendant refused to come down for hearing," and the hearing was reset to August 14, 2019.  [9-3]   On August 14, 2019, the Justice Court bound Fields over to await grand jury action, noting he "refused to come to courtroom x3."  [9-4]   The HCADC website indicates Fields has since been indicted on the drug charge;[3] the MDOC hold from Lauderdale County has been withdrawn;[4] he was released on a $5,000 bond on December 26, 2019.[5]

On July 31, 2019, during Fields' incarceration at HCADC, his public defender filed a motion for speedy trial on his behalf [9-5], and Fields submitted several *pro se* motions, which the state court heard and ruled on December 16-17, 2019 as memorialized in a written order entered December 20, 2019.   The state court documents establish the following chronology with respect to Fields' filings following his arrest and incarceration:

> September 23, 2019 - Fields submitted a motion to dismiss challenging both the MDOC hold and his pretrial detention without a preliminary hearing.  [9-8, pp. 11-15]   The Harrison County Circuit Court noted the MDOC hold had been released July 29, 2019, and Fields withdrew the remainder of this motion on December 17, 2019 when the state judge noted he had been bound over to await grand jury action after three times failing or refusing to appear for the preliminary hearing.  [10-1], [10-2, pp. 4, 16-17]
>
> September 23, 2019 - Fields submitted a motion to waive indictment and proceed to trial.  [9-8, pp. 17-18, 20-21]   He withdrew this motion on December 17, 2019.  [10-1]

---

3 The indictment, Cause No. B2401-2020-042, was returned January 21, 2020 and is attached to [11] Defendant's second supplement to the motion to dismiss.  [11-1]

4 The hold related to Fields' Lauderdale County conviction; the hold was placed on July 26, 2019 and withdrawn July 29, 2019 as reflected in the Circuit Court order and exhibits which are attached to Defendant's first supplement to the motion to dismiss.  [10-2, pp. 4, 16-17]

5 The state court reduced Fields' bond by order entered December 20, 2019.  [10-1]

> September 27, 2019 - Fields submitted a motion for speedy trial. [9-8, 30-32, 33-35] The state court denied this motion without prejudice December 20, 2019, noting that Fields had no trial date because he had not yet been indicted; that he had been arrested only four and a half months earlier; the test results on the controlled substance became available November 21, 2019; and the District Attorney's office received the file from law enforcement on December 10, 2019. [10-1, pp. 2-3]
>
> On October 7, 2019 - Fields submitted a motion to reduce bond, which the trial court granted on December 20, 2019, reducing his bond from $35,000 to $5,000. [9-6], [9-7], [9-8, pp. 37-39], [10-1]   He bonded out six days later.
>
> On November 5, 2019 - Fields submitted a state court habeas corpus petition (signed October 27, 2019 and notarized October 28, 2019), seeking dismissal of the charges against him and release from confinement. The state court denied the petition on December 20, 2019, noting the petition was not properly filed and had not been served on any respondent; Fields had failed to show he was illegally detained since he had felony charge pending grand jury action on which bond had been set since his initial appearance the day after his arrest; and the MDOC hold of which he complained had existed for only three or four days in late July 2019 (July 26-29) before it was released. [9-8, pp. 40-48], [10-1]

The same day his state habeas signature was notarized, Fields signed the instant federal habeas petition seeking return of property[6] and release, which the Clerk filed on October 30, 2019. [1]

The petition before this Court states the following grounds for relief: (1) violation of due process rights by failing to provide a preliminary hearing; (2) violation of due process rights for failing to provide a probation/parole hearing; (3) violation of Fourth Amendment rights by illegal search and seizure in the traffic stop/arrest; and (4) violation of Eighth Amendment rights in setting excessive bail of $35,000 when others on similar charges are released on $5000 or own recognizance. Fields admits in his petition that none of these grounds has been presented "in all appeals that were available." His claim that the lack of indictment or judge assignment impairs his ability to file a state court petition for writ of mandamus is belied by the fact that he filed such a petition on December 12, 2019. [9-8, pp. 65, *et seq.*]; *In re: Brandon Fields*, Miss. S. Ct.

---

6 Presumably his car, which was impounded when he was arrested.

Docket No. 2019-M-0182.  By order entered January 13, 2020, the Mississippi Supreme Court dismissed that petition as moot because the trial court ruled on his motions December 20, 2019.

Respondent seeks dismissal of Fields' petition for federal habeas relief on grounds that it fails to state a claim on which relief can be granted under 28 U.S.C. § 2241 to the extent that it seeks dismissal of pending state criminal charges and because Fields failed to exhaust state remedies before filing the petition.  The Court having reviewed all pleadings, exhibits and argument, finds Respondent's motion should be granted.

## Law and Analysis

A pre-trial prisoner's suit challenging his incarceration is properly brought pursuant to 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him."  *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987).  The "purpose of the writ [filed pursuant to section 2241] is not to examine the validity of any judgment, but merely to inquire into the legality of a detention."  *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973).  There are limits to the federal habeas relief available to pretrial detainees.  *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 488-89 (1973).  For instance, "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Id.* at 489.  A petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id.* at 493.

The United States Supreme Court distinguishes between a pretrial petitioner seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" by litigating a speedy trial defense and a petitioner seeking only to enforce the state's obligation to

promptly bring him to trial. *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976) (citing *Braden*, 410 U.S. at 489-490; *Smith v. Hooey*, 393 U.S. 374 (1969)). The Fifth Circuit has held the distinction is based on the type of relief requested by the petitioner. *Brown v. Estelle*, 530 F.2d at 1283. If the petitioner is attempting to prevent the prosecution of the case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes;" if he is attempting to "force the state to go to trial," then he is merely seeking to require the state to fulfill its obligation to provide him a speedy trial. *Id.* While the latter is grounds for federal habeas relief, the former is not; "an attempt to dismiss an indictment or otherwise prevent a prosecution ... is normally not attainable through federal habeas corpus." *Id.; Greer v. St. Tammany Parish Jail*, 693 F.Supp. 502-508 (E.D. La. 1988) ("a federal court may generally consider a habeas petition for pretrial relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him."). Fields' pleadings as a whole appear to seek dismissal of his state drug charge, which would constitute an attempt to prevent his prosecution on the charge, *i.e.*, to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes." *Brown*, 530 F.2d at 1282-83. Federal habeas relief is not available for such claims.

To the extent that Fields' petition may be construed as a request to force the State of Mississippi to bring him to trial, he failed to exhaust state remedies prior to filing suit in this court. The Fifth Circuit recognizes the need for exhaustion of § 2241:

> Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.  (citations omitted).

*Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). To satisfy the exhaustion requirement, a federal habeas petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). That is, he must first present his claims to the state's highest court in a procedurally proper manner and afford that court a fair opportunity to pass upon them because, "Federal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *Id.*, at 839. "Not only must the petitioner present the question to the state courts but he must also exhaust all available remedies to procure a correction of the claimed error from the state courts. 28 U.S.C. § 2254(b)." *Edwards v. Thigpen*, 595 F. Supp. 1271, 1277, (S.D. Miss. 1984), *aff'd,* 849 F.2d 204 (5th Cir. 1988), *cert. denied,* 489 U.S. 1059, 109 S.Ct. 1328, 103 L.Ed.2d 597 (1989). Full exhaustion of all claims presented is required before federal habeas corpus relief is available. *See Thomas v. Collins*, 919 F.2d 333, 334-35 (5th Cir. 1990).

The Court has been presented nothing demonstrating that Fields exhausted state court remedies prior to filing the instant petition, nor has Fields shown any special circumstances warranting federal court intervention in the pending state court prosecution. *See Deters v. Collins*, 985 F.2d 789, 795-96 (5th Cir.1993) (holding exhaustion requirement may be excused only in "rare cases where exceptional circumstances of peculiar urgency mandate federal court interference"); *Dickerson*, 816 F.2d at 227 (holding that the constitutional right to a speedy trial does not qualify as "a per se 'special circumstance' that obviates the exhaustion requirement"). Fields admits in his petition that he has presented none of his stated grounds for relief "in all appeals that were available." Indeed, his case presents a prime example of why exhaustion is required: after Fields filed his petition in this court his motions were heard in the state court

where he withdrew his claims regarding lack of a preliminary hearing, learned the MDOC probation hold had been released just days after his arrest, and had his bond reduced from $35,000 to $5000. Since remedies remain available to him in the state courts, the undersigned finds the motion to dismiss on exhaustion grounds should be granted to the extent that Fields may have stated a claim cognizable under § 2241.

## RECOMMENDATION

The undersigned recommends that Respondent's motion to dismiss be granted, and Fields' petition for writ of habeas corpus be dismissed for failure to state a claim and/or failure to exhaust state court remedies prior to filing the petition.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Within 14 days after being served a copy of this Report and Recommendation (R&R), a party may file with the Clerk of Court and serve on the other party/parties written objections to the R&R, specifically identifying the findings, conclusions and recommendations to which he objects. *L.U.Civ.R.* 72(a)(3). The District Court need not consider frivolous, conclusive, or general objections. Within seven days after service of objections, the opposing party/parties must either serve and file a response or notify the district judge they do not intend to respond to the objections. Absent timely objections, one may not attack on appeal any proposed factual finding or legal conclusion accepted by the District Court, except on plain error grounds. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Signed this the 18th day of June 2020.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE