IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **BRANDON FIELDS** | § | **PETITIONER** |
| | § | |
| v. | § | Civil No. 1:19cv820-HSO-RPM |
| | § | |
| **WARDEN EVAN HUBBARD** | § | **RESPONDENT** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION [12]; GRANTING RESPONDENT'S
MOTION TO DISMISS [9]; AND DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS**

This matter comes before the Court on the Report and Recommendation [12] of United States Magistrate Judge Robert H. Walker, entered in this case on June 18, 2020, and on Respondent Warden Evan Hubbard's Motion to Dismiss [9] filed on December 19, 2019. Petitioner Brandon Fields has not filed a Response to the Motion to Dismiss [9], nor an Objection to the Report and Recommendation [12].

After due consideration of Respondent's Motion to Dismiss [9], the Magistrate Judge's Report and Recommendation [12], the record, and relevant legal authority, the Court finds that the Magistrate Judge's Report and Recommendation [12] should be adopted, that Respondent's Motion to Dismiss [9] should be granted, and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed.

I. BACKGROUND

On July 23, 2019, the Gulfport Police Department stopped Petitioner Brandon Fields ("Petitioner") for speeding, and he was arrested for possession of

methamphetamine. *See* Pet. [1] at 6, 8. Petitioner was incarcerated at the Harrison County Adult Detention Center ("ADC"), *see id.* at 2, and had an initial appearance before a justice court judge on July 24, 2019, *see* Cert. [10-2] at 9. Petitioner's bail was originally set at $35,000.00, which he believed to be excessive based upon his charge. *See* Pet. [1] at 7. In addition, the Mississippi Department of Corrections ("MDOC") placed a "hold" upon Petitioner because he was on probation for a sentence at the time of his arrest on July 23, 2019. *See id.* at 8; *see also* Withdrawal [10-2] at 17.

According to state court records, a justice court judge attempted to conduct a preliminary hearing on July 31, 2019, but Petitioner "left the courtroom." Order [9-3] at 1. The justice court attempted another preliminary hearing on August 7, 2019, but Petitioner "refused to come down for hearing." *Id.* at 2. On August 14, 2019, a justice court judge entered a Mittimus to bound over to await the action of the grand jury with a $35,000.00 bond, as Petitioner "refused to come to courtroom x3." Mittimus [9-4] at 1. An attorney from the county public defender's office currently represents Petitioner in the felony criminal case in state circuit court, and has filed pleadings on Petitioner's behalf, including a demand for speedy trial filed on July 31, 2019. *See* Demand [9-5] at 1-2.

On or about October 28, 2019, Petitioner submitted for mailing a Petition for Writ of Habeas Corpus [1] under 28 U.S.C. § 2241, which was docketed by the Clerk of this Court on October 30, 2019. *See* Pet. [1] at 1, 10. Petitioner asserted violations of his due process rights on grounds that he purportedly had not been

2

given an initial appearance for the new possession charge or a hearing on the MDOC hold, and he claimed that he had been subjected to an illegal search and seizure and to excessive bail. *See id.* at 6-7.

Respondent filed a Motion to Dismiss [9], arguing that the Petition should be dismissed with prejudice for failure to state a claim, or alternatively, without prejudice for failure to exhaust state court remedies. *See* Mot. [9] at 9. Petitioner did not respond to the Motion to Dismiss [12]. Respondent has since filed two Supplements [10], [11], to the Motion [12], to which Petitioner also has not responded.

With its Motion and Supplements, Respondent provided the Court with additional information and state court documents, including information that MDOC's warrant was withdrawn on July 29, 2019, and that after the circuit court granted Petitioner's motion to reduce bond to $5,000.00 on December 16, 2019, Petitioner bonded out of custody on December 26, 2019. *See, e.g.,* Mittimus [9-7] at 1; Circuit Ct. Order [10-1] at 2-3; Withdrawal [10-2] at 17; Appearance Bond [10-3] at 1. On January 21, 2020, a state grand jury returned an Indictment [11-1] against Petitioner for possession of methamphetamine in violation of Mississippi Code § 41-29-139(c)(1). *See* Indictment [11-1] at 1. Petitioner is apparently awaiting trial on this felony possession charge.

On June 18, 2020, the Magistrate Judge entered a Report and Recommendation [12] recommending that the Petition "be dismissed for failure to state a claim and/or failure to exhaust state court remedies prior to filing the

petition." R. & R. [12] at 7. A copy of the Report and Recommendation [12] was mailed to Petitioner at his address of record on June 18, 2020. The envelope [14] containing the Report and Recommendation [12] was returned as undeliverable and unable to forward, as it noted "Release 12-26-19." Envelope [14] at 1.[1] Petitioner has not filed any objection to the Report and Recommendation [12], and the time for doing so has passed.

## II. DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Magistrate Judge's findings are not clearly erroneous, nor are they an abuse of discretion or contrary to law. *See id.* To the extent Petitioner is seeking dismissal

---

[1] Petitioner's address of record is still that of the ADC, even though he has been released from custody for nearly eight months. The Magistrate Judge warned Petitioner at least four times prior to his release from incarceration that "his failure to keep this Court informed of his current address will result in the dismissal of this case." Order [3] at 1; Order [4] at 1; Order [6] at 1; Order [7] at 2. Dismissal would also be warranted on this alternative basis under Federal Rule of Civil Procedure 41(b) for failure to prosecute and based upon the Court's inherent authority to dismiss the action sua sponte. *See, e.g.,* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).

of his state felony drug possession charge or to prevent prosecution, federal habeas relief is not available for such claims. *See Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). Dismissal for failure to state a claim is therefore appropriate as to those claims.

To the extent the Petition could be construed as a request to force the State of Mississippi to bring Petitioner to trial, such an objective is attainable through federal habeas corpus, "although the requirement of exhaustion of state remedies still must be met." *Id.* For a § 2241 petition, "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Montano v. Texas*, 867 F.3d 540, 542 (5th Cir. 2017) (quotation omitted). A § 2241 petitioner must exhaust available state court remedies before a federal court can entertain a challenge to state detention. *Id.*

In this case, there is no indication in the record that Petitioner has exhausted his available state court remedies prior to filing his Petition, nor has he shown that any exception to the exhaustion requirement exists. *See id.* Dismissal without prejudice as unexhausted is therefore warranted. Respondent's Motion to Dismiss should be granted.

### III.  CONCLUSION

The Court will adopt the Magistrate Judge's Report and Recommendation [12] as the opinion of this Court, grant Respondent's Motion to Dismiss [9], and dismiss the Petition for Writ of Habeas Corpus [1].

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [12] of United States Magistrate Judge Robert H. Walker entered in this case on June 18, 2020, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Warden Evan Hubbard's Motion to Dismiss [9] filed on December 19, 2019, is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Petitioner Brandon Fields's Petition for Writ of Habeas Corpus [1] is **DISMISSED**, as stated herein.

**SO ORDERED AND ADJUDGED**, this the 18th day of August, 2020.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE